GORDON SILVER
ERIC R. OLSEN
Nevada Bar No. 3127
Email: eolsen@gordonsilver.com
ELIAS P. GEORGE
Nevada Bar No. 12379
Email: egeorge@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Tel: (702) 796-5555
Fax: (702) 369-2666
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 HEALTH BENEFITS FUND; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 VACATION FUND; BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 NEVADA; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL HEALTH FUND; and TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE,<br><br>Plaintiffs,<br><br>vs.<br><br>PRACTICAL FLOORING, INC., a Nevada corporation; and DANETTE BORDLEMAY-ROYBAL, an individual,<br><br>Defendants. | CASE NO. 12-cv-01712 GMN CWH<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between Plaintiffs, Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for Southern Nevada, Trustees of the Bricklayers & Allied Craftworkers Local 13 Health Benefits Fund, Trustees of the Bricklayers & Allied Craftworkers Local 13 Vacation Fund, Bricklayers & Allied Craftworkers

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103873-001/1785187

1 of 11

Local 13 Nevada, Trustees of the Bricklayers & Trowel Trades International Pension Fund, Trustees of the Bricklayers & Trowel Trades International Health Fund, and Trustees of the International Masonry Institute (collectively, "Plaintiffs" or "Receiving Parties"), by and through their counsel, The Urban Law Firm, and Defendants, Practical Flooring, Inc., and Danette Bordlemay-Roybal (collectively, "Defendants" or "Producing Parties"), by and through their counsel, the law firm of Gordon Silver, hereby stipulate and agree that in the course of this action (the "Case") the Defendants may produce documents and information that are confidential or commercially sensitive in nature, and that public disclosure of such information could be detrimental to the Producing Parties' interests. Such confidential or commercially sensitive information may be disclosed by written discovery, deposition testimony, voluntarily as may be requested in support of settlement discussions or in other filings in this Case. The Parties accordingly stipulate and enter into the following Protective Order:

I. PURPOSE OF STIPULATION AND PROTECTIVE ORDER

Discovery in the Case may involve the disclosure of material protected under the constitutional, statutory, or common law right to privacy and/or protected as confidential business, financial, proprietary, or trade secret information. Without waiving any objections to the discoverability of any such information, it is the parties' intention to provide a mechanism by which discovery of relevant information, otherwise not objectionable, may be obtained in a manner which protects the Producing Parties in this Case from the risk of disclosure of such confidential information.

II. DEFINITIONS

1. Party. "Party" means any of the parties to this Case, their affiliates, and their respective officers, directors, and employees.

2. Counsel. "Counsel" means:

i. The law firm of Gordon Silver, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential Information for the purpose of this Case;

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103873-001/1785187

2 of 11

ii. The Urban Law Firm, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential Information for the purpose of this Case;

3. Expert. "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation, including, but not limited to, a certified public accounting firm or a financial auditing firm, who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Case.

4. Professional Vendors. "Professional Vendors" mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstration, and organizing, storing or retrieving data in any form or medium) and their employees and subcontractors.

5. Confidential or Confidential Information. As used herein the terms "Confidential" shall mean any information, documents or other tangible or intangible items or matter, produced, disclosed or made available in the course of this litigation by the Producing Parties to this action that contains sensitive commercial information, including, but not limited to, confidential business, financial, proprietary, or trade secret information, which the Producing Parties designate as "CONFIDENTIAL." The designation of such material as "CONFIDENTIAL" is a certification that the Producing Parties believe in good faith that good cause exists for the protection provided in this Protective Order.

Confidential matter made available to the Receiving Parties or other person hereunder:

i. Shall be marked or stamped "CONFIDENTIAL";

ii. Shall be used solely in connection with this action;

iii. Shall not be used for any business, commercial, or competitive purpose by the parties at any time;

iv. Shall not be used for any other improper purpose, including to threaten, harm, embarrass, or otherwise harass any party to this action;

v. Shall not, except as provided for in this Protective Order, be disclosed to or discussed with anyone for any purpose; and

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103873-001/1785187

1   vi. Shall in all other respects be treated and maintained by such person as confidential and secret and such person shall exercise, and maintain the confidentiality of any Confidential matter, at least as high a degree of care and diligence as that person would normally exercise with regard to private information which it maintains as personal and confidential, which degree of care and diligence shall not be less than that which a reasonable person would exercise in maintaining the confidentiality of private information.

6. Scope of Order. This Protective Order includes in its scope all documents, materials and information that are produced, disclosed, or filed in this action and any appeal, by or on behalf of the Producing Parties, voluntarily or involuntarily, whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion practice, and whether revealed in a document, deposition, response to any type of discovery, submission to this Court or otherwise ("Litigation Material").

7. Use of Litigation Material Generally. All Litigation Material that has not been made public or is not otherwise available or accessible in the public domain shall be used solely for the purpose of this Case and any appeal of this Case, and shall not be used, made available, or disclosed for the purposes of any other litigation, judicial or administrative proceeding, arbitration, mediation, dispute or case, or used for any commercial, business, competitive or other purpose.

III.   DESIGNATION OF PROTECTED INFORMATION

8. In connection with discovery proceedings in this case, the Producing Parties may reasonably designate any appropriate document, thing, material, testimony or other information derived therefrom, as Confidential under the terms of this Protective Order. By designating a document, thing, material, testimony, or other information derived therefrom as Confidential, the Producing Parties making the designation is certifying to the Court that there is a good-faith basis both in law and fact for the designation.

9. Confidential documents shall be so designated by stamping each page of the document produced to the Receiving parties with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the face of a CD-ROM, DVD, or other computer disk or

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103873-001/1785187

4 of 11

electronic storage device shall designate all contents therein as Confidential, unless otherwise indicated by the Producing Parties.

10. Testimony taken at a deposition, conference, hearing or trial may be designated as Confidential by making a statement to that effect on the record at the deposition or other proceeding or, in the case of a deposition, such designation may be made within fifteen (15) days after the receipt of the deposition transcript. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately. During the fifteen (15) day period, all such deposition transcripts shall be treated as if it had been designated as Confidential.

11. Confidential Material produced pursuant to this Protective Order and marked solely as "Confidential" may be disclosed or made available only to:

    i. The Court, and/or other trier or determiner of fact in the Case;

    ii. Counsel (as defined herein) for a Party (including the paralegal, clerical, and secretarial staff employed by Counsel);

    iii. In-house Counsel for the Parties or for producing third parties, including regularly employed support personnel as necessarily incident to the litigation of this matter and any appeal;

    iv. A Party, or an officer, director, or employee of a Party deemed necessary by Counsel to aid in the prosecution, defense, or settlement of the Case;

    v. Experts (as defined herein), together with their clerical staff, retained by such Counsel to assist in the prosecution, defense, or settlement of this case;

    vi. Court reporter(s) and their staff and Professional Vendors to whom disclosure is reasonably necessary for litigation within the Case;

    vii. Witnesses who are employees or consultants of the Parties, or certified public accounting firms or financial auditing firms subject to the direction of the Parties, respectively, through their Counsel in a contested matter or adversary proceeding in the Case to whom disclose is reasonably necessary, unless otherwise agreed by the Producing Parties or

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103873-001/1785187

ordered by the District Court;

       viii. Any other persons to whom the Parties in writing agree or ordered by the Court as detailed in Paragraph 11 of this Order.

       Categories (iii) - (viii) above shall hereafter be referred to as "Qualified Person(s)." Prior to receiving any Confidential Material, each Qualified Person shall be provided with a copy of this Protective Order and shall execute a Nondisclosure Agreement in the form of Attachment A prior to receiving any Confidential Material. The fully-executed Nondisclosure Agreement shall be retained by Counsel for the Party producing Confidential Material to the Qualified Person.

       12. If the Receiving Parties seek to disclose, either verbally or in writing, specific Confidential Material to a person not identified in Paragraphs 12(i) through 12(viii), they must provide written notification to the Producing Parties of the identity of the person who would be produced such material (including his or her business or government affiliation) and specific Confidential Material to be disclosed, after which the Producing Parties shall have ten (10) business day to object in writing to the disclosure. In the case of any objection, if the Receiving Parties seek to disclose the identified "Confidential Material," they may apply for an order from the Court compelling disclosure. If the Producing Parties consent to disclosure or fail to object within ten (10) business days after receipt of written notice of the intended disclosure, the person shall be treated as a Qualified Person with respect to the identified Confidential Material.

       13. The Receiving Parties may disclose Confidential Material solely documenting the number of hours of work performed by the Producing Parties for general contractors, the corresponding partial payments, if any, and the fringe benefit contribution reports related to such hours of work and payment, if any, as provided under Nevada Revised Statute, Section 608.150.

       14. Where testimony at a deposition involves disclosure of Confidential Material, such deposition shall be taken only in the presence of the individuals identified in paragraph 12, subject to the requirements of paragraph 12's requirement of the execution of a Non-Disclosure Agreement.

       15. This Protective Order shall be without prejudice to the rights of the Parties or any other Third Party (a) to bring before the Court at any time the question of whether any particular

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103873-001/1785187

6 of 11

1  document or information is Confidential or whether its use should be restricted, or (b) to present
2  a motion to the Court under Rule 26(c) of the Federal Rules of Civil Procedure, for a separate
3  protective order as to any particular document or information, including restrictions differing
4  from those as specified herein.

5  16. If the Receiving Parties wish to challenge the designation of materials stamped
6  "CONFIDENTIAL," the Receiving Parties shall notify the Producing Parties in writing of the
7  documents and basis for the challenge.  The Producing Parties shall respond in writing within
8  five (5) business days thereafter.  If any disputes remain, the Parties shall meet and confer within
9  five (5) business days of the Producing Parties' response in an effort to resolve such disputes.  If
10 any disputes remain unresolved, the Receiving Parties shall bring a motion seeking to remove the
11 confidentiality designation.  This Protective Order shall not be deemed to prejudice the Parties in
12 any way in any future application for modification of this Protective Order.

13 17. This Protective Order is entered solely for the purpose of facilitating the exchange
14 of documents and information between the Parties to this action without involving the Court
15 unnecessarily in the process.  Nothing in this Protective Order, nor in the production of any
16 information or document under the terms of this Protective Order, nor any proceedings pursuant
17 to this Protective Order, shall be deemed to have the effect of any admission or waiver by any
18 Party or any Third Party or of altering the confidentiality or non-confidentiality of any such
19 document or information or altering any existing obligation of any Party or any Third Party or
20 the absence thereof, or to impact in any way a Party's right to object to any discovery requests on
21 any grounds, including attorney-client privilege, work product immunity, or any other protection
22 provided under the law.

23 18. This Protective Order shall survive the conclusion of this Case and the Court shall
24 retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.
25 The "conclusion of this Case" shall mean all appeal periods have expired and any settlement or
26 judgment has become final. Upon termination of this Case, Counsel for the Parties shall
27 assemble and return to each other all documents, materials, and deposition transcripts designated
28 as Confidential.  Alternatively, Counsel may agree to destroy all documents, materials, and

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103873-001/1785187

7 of 11

deposition transcripts designated as Confidential, and provide written affirmation of such to opposing Counsel.

19. In the event the Producing Parties inadvertently disclose or produce any Confidential materials without designation, such inadvertent disclosure does not constitute a waiver of confidentiality status. The Producing Parties may designate such documents/information Confidential within a reasonable time after such inadvertent disclosure.

20. If the Receiving Parties wish to use the Producing Parties' "confidential" documents at trial, the Receiving Parties shall advise the Producing Parties' Counsel prior to offering the documents, with advance notice if reasonably practicable. The proponent of confidentiality then may move to file the documents under seal. The proponent also may move the Court to restrict access to the courtroom while the "confidential" documents are discussed.

21. In the event that the Receiving Parties are served with a subpoena by any person, firm, corporation, or other entity who is not a Party to this action, is not a signatory to this Order, or otherwise is not bound by this Order, which seeks to compel production of Confidential documents, the Party upon whom the subpoena is served shall give written notice of the subpoena to the Producing Parties who asserted that the information or documents sought by the subpoena is Confidential. The written notice required by this Paragraph shall be given no later than seven (7) days after receipt of the subpoena, or before the production date set forth in the subpoena, whichever is earlier. The Producing Parties, who designated the subject information or documents as Confidential, shall have the responsibility to obtain from the Court an order quashing the subpoena, a protective order, and/or such other relief as will protect the confidential nature of the subject information or documents. If such a motion is filed before the requested production date, the Party upon whom the subpoena, discovery request, or order is served shall not produce the subject information or documents requested in the subpoena, discovery request, or order until after such time as the Court rules on the motion to quash the subpoena or motion for protective order. If an order quashing the subpoena or motion for protective order is obtained, the Party upon whom the subpoena, discovery request, or order is served shall comply with the order. If no motion to quash or motion for protective order is filed before the scheduled

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103873-001/1785187

8 of 11

1  production date set forth in the subpoena, discovery request, or order, or if the motion to quash
2  the subpoena or motion for protective order is denied, the Party upon whom the subpoena,
3  discovery request, or order is served may comply with the same without being deemed to have
4  violated this Order.

5       22. FILING. Any Confidential Matter submitted to the Court, including that used as
6  exhibits to or incorporated in any other manner in briefs, memoranda, transcripts or testimony, or
7  any other documents filed with the Court, shall be protected as follows:

8       i. Materials Filed. Any Confidential Material which is filed with the Court
9  by any party, including transcripts of depositions or portions thereof, documents produced in
10  discovery, information obtained from inspection of premises or things, and answers to
11  interrogatories or requests for admissions, exhibits and all other documents which have previous
12  thereto been designated as containing Confidential Information or any pleading or memorandum
13  reproducing or containing such information, shall be filed in sealed envelopes bearing the title of
14  this action and the notation:

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

This document contains confidential information covered by a

Protective Order of the Court and is submitted under seal pursuant

to that Order. The confidential contents of this document may not

be disclosed without express order of the Court."

20  All such sealed envelopes shall not be opened except for the sole use of the Court or its
21  employees or as otherwise ordered by the Court. Further, all such sealed envelopes shall be
22  maintained by the Clerk of the Court separate from public records in these actions and shall be
23  released only upon further order of the Court.

24       ii. Hearings and Trial. At any hearing before the Court, Counsel shall
25  attempt to avoid inadvertently disclosing any Confidential Matter. If any Counsel believes it is
26  necessary to disclose Confidential Matter during a hearing, said Counsel shall first request the
27  Court to clear the Court or to hear the matter *in camera* and shall otherwise confer with Counsel
28  and the Court to agree upon a method by which the confidentiality of the Confidential

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103873-001/1785187

Information can be preserved. Should a transcript of the hearing be made, the Court may order it treated in the same as a deposition pursuant to paragraph 8 above.

        iii. In-Camera Review. Confidential material that is submitted to the Court for *in camera* review shall be submitted in accordance with LR 10-5, i.e., material will be submitted in an envelope that bears a captioned cover sheet marked "For in camera review only." When the Court has completed its review of such materials, the materials will be returned to the party that submitted them.

        iv. Appeal. All papers in connection with any appeal herein which contain any Confidential Matter shall be similarly subject to the provisions of this Protective Order.

        23. This Stipulated Protective Order may be modified only if such modification is in writing, signed by the Parties, and approved by an order of the Court.

So stipulated:

DATED this 28th day of January 2013

GORDON SILVER

/s/ Eric R. Olsen
ERIC R. OLSEN
Nevada Bar No. 3127
ELIAS P. GEORGE
Nevada Bar No. 12379
*Attorneys for Defendants*

So stipulated:

DATED this 28th day of January 2013

THE URBAN LAW FIRM

s/s Nathan R. Ring
MICHAEL URBAN
Nevada Bar No. 3875
NATHAN R. RING
Nevada Bar No. 12078
*Attorneys for Plaintiffs*

IT IS HEREBY ORDERED THIS 29th day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103873-001/1785187

## ATTACHMENT A

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I have read and understand the terms of the Joint Stipulation And Protective Order (the "Order") entered in the civil action known captioned *Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for Southern Nevada, et al v. Practical Flooring, Inc., et al*, filed as Case No. 2:12-cv-01712-GMN-CWH in the United States District Court, District of Nevada (the "Court"), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of the Court. Further, I hereby consent to the jurisdiction of the Court for the purposes of enforcing the terms of the Order.

DATED this _____ day of _____, 20___.

_____
Signature

_____
Print Name

_____
Address

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103873-001/1785187